UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| LUTERRES MONTEZ BRIDGES | ) | |
|---|---|---|
| | ) | Case No. 1:24-cv-162 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| UNITED STATES OF AMERICA | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Luterres Montez Bridges's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1; Doc. 56 in Case No. 1:22-cr-16). On January 28, 2025, the Court held an evidentiary hearing to resolve Petitioner's argument that he received ineffective assistance of counsel because his lawyer did not file a notice of appeal. (*See* Doc. 18.) For the following reasons and based on the evidence presented at the evidentiary hearing, the Court will **DENY** Petitioner's § 2255 motion.

I.     **BACKGROUND**

Petitioner filed the present § 2255 motion on April 26, 2024. (*See* Doc. 1.) On October 30, 2024, the Court denied all of petitioner's claims except for Petitioner's ineffective-assistance-of-counsel claim. (*See* Doc. 13, at 11.) The Court set an evidentiary hearing to determine whether Petitioner's former counsel failed to file a notice of appeal after Petitioner expressed a desire to appeal. (*See id.*) In his motion, Petitioner specifically asserts that he asked his former attorney, Samuel Robinson, to file an appeal and that Robinson responded: "[Y]ou waived that right." (Doc. 1, at 4.) At the evidentiary hearing, Robinson, Alfred Jones (Petitioner's father), and Petitioner testified as to this issue. (*See* Doc. 24.)

1

Robinson testified that (1) he expected that Petitioner was frustrated with his sentence (*id.* at 6–7), (2) Petitioner never expressed this suspected frustration with his sentence (*id.*), (3) he did not speak with Petitioner after the sentencing hearing (*id.* at 7–8), (4) he has never failed to appeal when a client has requested one (*id.* at 14), (5) Petitioner did not express a desire to appeal after the sentencing hearing (*id.* at 36–38), and (6) he would have filed an appeal had Petitioner expressed a desire to do so (*id.* at 38). Jones testified that on the day after Petitioner's sentencing hearing, Petitioner told him that he was going to appeal his sentence. (*Id.* at 46.) Petitioner testified that (1) he was unhappy with his sentence (*id.* at 49), (2) he told Robinson that he wanted to appeal his sentence at the end of his sentencing hearing (*id.* at 51, 63),[1] and (3) he did not speak with Robinson after the sentencing hearing (*id.* at 51–52).

Petitioner's § 2255 motion is ripe for review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citation omitted).

---

[1] Petitioner offered different accounts of how this transpired over the course of his testimony. (*See* Doc. 24, at 50–51, 62–67, 83–89.)

## III. ANALYSIS

"To collaterally attack a conviction based on ineffective assistance of counsel, Petitioner must establish that his lawyers performed well below the norm of competence in the profession and that this failing prejudiced his case." *Gaspar-Tapia v. United States*, No. 1:19-CR-62, 2024 WL 3460109, at *2 (E.D. Tenn. July 17, 2024) (quoting *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018)) (internal quotations and alterations omitted). "[A]n attorney performs deficiently if, after consulting with his client, he disregards specific instructions from his client to file a notice of appeal—a purely ministerial task." *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000)) (internal quotations omitted). "An attorney's performance, however, is not per se deficient simply because he does not consult with his client about the benefits and drawbacks of an appeal." *Gaspar-Tapia*, 2024 WL 3460109 at *3 (quoting *Pola*, 778 F.3d at 533) (internal quotations omitted). "Rather, the Court must determine whether the attorney should have consulted with his client about an appeal because either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* (quoting *Pola*, 778 F.3d at 533) (internal quotations omitted). "In this context, 'consult' means to advise 'the defendant about the advantages and disadvantages of taking an appeal, and to make a reasonable effort to discover the defendant's wishes.'" *Neill v. United States*, 937 F.3d 671, 676 (6th Cir. 2019) (quoting *Flores–Ortega*, 528 U.S. at 478) (internal alterations omitted). When assessing whether an attorney performed deficiently, the Court must consider "all relevant factors in a given case, which may include whether the defendant pleaded guilty, thereby reducing the number of appealable issues, or whether the defendant received a sentence longer than anticipated." *Gaspar-Tapia*, 2024 WL 3460109 at *3 (quoting *Pola*, 778 F.3d at 533). If an attorney failed to

3

appeal "either after the client's express instructions or because there is no reasonable strategic reason not to appeal, then the defendant was prejudiced because he has been deprived of the appellate proceeding altogether if there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* (quoting *Pola*, 778 F.3d at 533).

### i.  Failure to Request an Appeal

Petitioner has not shown that he received ineffective assistance of counsel. The testimony of Petitioner and Robinson conflict. Robinson testified that Petitioner never requested an appeal (Doc. 24, at 36–38) and that he did not tell Petitioner he waived his right to appeal at the end of the sentencing hearing (*id.* at 38). Petitioner testified that he requested an appeal (*id.* at 51, 63), but his account of events evolved throughout the evidentiary hearing. The Court highlights the disparities in Petitioner's account below:

1. In his § 2255 motion, Petitioner claimed that he asked Robinson to file an appeal, and that Robinson responded: "You waived that right." (Doc. 1, at 4.) Petitioner also stated that he "told [Robinson] to still file one on [his] behalf." (*Id.*)

2. During the evidentiary hearing, Petitioner described two instances in which he claims to have informed Robinson of his intent to appeal. One occurred in the undersigned's chambers (*see* Doc. 24, at 49–50, 62), and the other occurred in the courtroom after the undersigned informed Petitioner of his right to appeal (*id.* at 62, 83–84).

3. Petitioner stated that when Robinson asked him if he understood his right to appeal while in the undersigned's chambers, and Petitioner responded, "Yes, and I want to do it." (Doc. 24, at 49–50.) Petitioner then explained that Robinson told Petitioner to "hold up for a second." (*Id.* at 50.)

4

4. Petitioner stated that after the undersigned informed Petitioner of his right to appeal at sentencing, he told Robinson that he "might want to do that." (*Id.* at 51.) When describing Robinson's reaction to this statement, he said that Robinson "waved it off." (*Id.*)

5. Petitioner then stated that after the undersigned informed him of his right to appeal, Robinson asked him: "What are we going to do?" (*Id.* at 64.) Petitioner said that he told Robinson that he wanted to appeal and then Robinson told him he waived his right to appeal. (*See id.*)

6. Petitioner went on to explain that there was not a "lot of back-and-forth dialogue" in this exchange, and that Robinson indicated or asked "You want to do it, you know what I'm saying, yea or nay?" (*Id.* at 65.) Petitioner stated that he told Robinson to "[g]o ahead" and that Robinson "looked at [Petitioner] like '[c]ome on, man,' like '[r]eally?'" (*Id.* at 66.)

7. When asked specifically whether Robinson told Petitioner whether he had waived his right to appeal, Petitioner responded:

> Okay. He -- it was -- it was just like the -- it was just the -- the -- the notion that he wasn't going to do it, right? He said it's – it's like -- like, "Why?" like, "Why?" Basically -- he said it. He asked me why.

(*Id.*.) Petitioner then admitted that this was different than Robinson explicitly stating that he had waived his right to appeal. (*Id.* at 66–67.)

Petitioner admitted that Robinson never told him that he waived his right to appeal, contrary to his § 2255 motion (*see* Doc. 1, at 4) and earlier testimony (*compare* Doc. 24, at 64 *with* Doc. 24, at 66–67). Petitioner's testimony throughout the evidentiary hearing was inconsistent as to (1) who began the conversation about appeal, (2) what Robinson said in

5

response to Petitioner's purported request for an appeal, and (3) what Petitioner said to Robinson. Thus, Petitioner's testimony fails to clearly establish what transpired between him and his counsel at sentencing. Considering these discrepancies, the Court credits Robinson's version of events rather than Petitioner's. The Court concludes that Petitioner did not explicitly request an appeal.

### ii. Failure to Consult

If Petitioner did not request an appeal, the question is then whether Robinson's failure to consult with Petitioner about an appeal after sentencing constituted deficient representation. *See Gaspar-Tapia*, 2024 WL 3460109 at *3. Petitioner and Robinson both testified that they did not speak after sentencing. (*See* Doc. 24, at 7–8, 51–52.) Thus, Robinson could not have consulted with Petitioner about an appeal. However, Robinson testified that he spoke with Petitioner about his right to appeal before sentencing. (*See id.* at 39.) Additionally, at Petitioner's sentencing hearing, the Court informed him of his right to appeal his conviction and sentence within 14 days of the entry of judgment. (*See id.* at 82.) The Court also explained that "the clerk will prepare and file a notice of appeal" if requested. (*Id.*) "[C]ounsel need not consult his client about an appeal if the sentencing court's instructions were clear and informative." *McCormick v. United States*, 72 F.4th 130, 134 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 2605, 219 L. Ed. 2d 1253 (2024) (citing *Flores-Ortega*, 528 U.S. at 479–80). Thus, Robinson's performance was not deficient, as he advised Petitioner of his right to appeal before sentencing and the Court informed Petitioner how to exercise his right to appeal.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 motion (Doc. 1; Doc. 56 in Case No. 1:22-cr-16) is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such

6

notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). The Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Any application by Petitioner for leave to proceed in forma pauperis on appeal is **DENIED**. *See* Fed. R. App. P. 24.

       **AN APPROPRIATE JUDGEMENT WILL ENTER.**

                                                */s/ Travis R. McDonough*
                                                **TRAVIS R. MCDONOUGH**
                                                **UNITED STATES DISTRICT JUDGE**